IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Michael Braun, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 21 C 50003 |
| | ) | |
| vs. | ) | |
| | ) | Judge Philip G. Reinhard |
| City of McHenry, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons stated below, all federal claims advanced by Samuels are dismissed.[1] All federal claims against the Police Defendants, the City of McHenry, and Powers are dismissed with prejudice for failure to state a claim. Any federal claims against Eisenstein arising from the judgment terminating Braun's parental rights as to two of his children are dismissed without prejudice for lack of subject matter jurisdiction. All other federal claims against Eisenstein are dismissed with prejudice for failure to state a claim. The McHenry Police Department and Animal Control are dismissed as defendants as they are not suable entities. The defendants' motions to strike are denied. On or before March 2, 2022, defendants shall file a statement identifying the state of citizenship for each of the individual defendants as of the filing of the original complaint or, in the case of Eisenstein, the date of the filing of the amended complaint. If defendants' statement shows any of the individual defendants are citizens of Wisconsin, the court will relinquish supplemental jurisdiction over the pending state law claims. If defendants' statement shows none of the defendants are citizens of Wisconsin, plaintiffs, on or before March 9, 2022, shall file a statement as to whether they wish to invoke the court's diversity of citizenship jurisdiction and proceed on the state law claims in this court or if they would prefer dismissal of the state law claims so they can pursue the state law claims in state court.

## STATEMENT-OPINION

Plaintiffs, Michael Braun and Jennifer Samuels originally filed this action on January 4, 2021. On April 26, 2021, the court entered an order [42] granting in part and denying in part motions to dismiss the City of McHenry, McHenry Police Department, Sgt. Cox, Sgt. McKeen, Ofc. Polidori, Ofc. Lorenz and Ofc. Pardue [8] and Gail Powers [12]. Plaintiffs were given leave to file an amended complaint and they have done so [46]. In this amended complaint they name additional defendants, McHenry County Animal Control ("Animal Control") and Sharyl Eisenstein, who was a McHenry County assistant state's attorney.

The defendants have filed various motions attacking the amended complaint. Powers moves to strike the amended complaint or to dismiss for failure to state a claim upon which relief can be granted. [48] Fed. R. Civ. P. 12(b)(6). Sgt. Cox, Sgt. McKeen, Ofc. Polidori, Ofc. Lorenz

---

[1] Because the foregoing resolves the motions, the court need not address other arguments raised by defendants in support of their motions to dismiss.

and Ofc. Pardue ("Police Defendants") and the City of McHenry join in Powers' motion to strike and move to dismiss for failure to state a claim upon which relief can be granted. [62] Fed. R. Civ. P. 12(b)(6). Eisenstein and Animal Control move to dismiss for lack of jurisdiction and for failure to state a claim upon which relief can be granted. [56] Fed. R. Civ. P. 12(b)(1) & (6).

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level, this requirement is met. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v, Iqbal*, 556 U.S. 662 (2009). A plaintiff's "claim for relief" is his expression of the wrong done to him. *Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir. 1997). It is "the aggregate of operative facts which give rise to a right enforceable in the courts." *Sojka v. Bovis Lend Lease, Inc.*, 686 F.3d 394, 399 (7th Cir. 2012) (quotation marks and citations omitted). Stated more succinctly, a claim is "a grievance." *Albiero*, 122 F.3d at 419.

The Court's Prior Rule 12(b)(6) Order

In the motions to dismiss [8] [12] the original complaint, the statute of limitations was at the forefront of the arguments for dismissal. In its April 26, 2021 order [42] on these motions, the court found the complaint contained plausible allegations of fact that supported a right to relief under a recognized legal theory—the state law tort of malicious prosecution. The claim based on malicious prosecution accrued when plaintiff was acquitted in the criminal proceeding and this case was filed within the two-year limitations period after accrual. The court also declined to dismiss on statute of limitations grounds a Section 1983 claim based on unlawful pretrial detention raised under *Manuel v. City of Joliet*, 137 S. Ct. 911 (2017) as it was not evident from the complaint when the pretrial detention ended triggering the commencement of the limitations period.

The remainder of the claims alleged in the complaint were dismissed. Claims based on actions taken by the Police Defendants in 2017 when Braun was arrested and harassed by the Police Defendants were dismissed on statute of limitations grounds. Claims based on the Police Defendants 2017 failure to investigate were dismissed on statute of limitations grounds.

All claims advanced by Samuels were dismissed because the complaint did not allege any actions that violated her constitutional rights nor was she prosecuted, as Braun was, giving rise to his claim based on malicious prosecution.

The federal claims against the City of McHenry and the McHenry Police Department[2] were dismissed because the complaint did not allege any policy, custom, or practice contributing to their alleged constitutional violations as required by the United States Supreme Court decision in *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978).

Claims brought under section 1983 against the Police Defendants based on "suppressing and excluding exculpatory evidence" in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) were

---

[2] The McHenry Police Department has no separate legal existence apart from the City of McHenry and thus is not a suable entity and will be dismissed as a defendant. *Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997); *Chan v. City of Chicago*, 777 F. Supp. 1437, 1442 (N.D. Ill. 1991).

dismissed because the complaint's allegations showed Braun was aware, from the time of the incident for which he was prosecuted, of the exculpatory witness the Police Defendants had suppressed.

All Section 1983 claims against Powers were dismissed because she was not alleged to be acting under color of state law.

<u>The Amended Complaint</u>

Plaintiffs filed an amended complaint which sought to revive the claims that had been dismissed by the court's prior order. They also added additional defendants, additional claims against the added defendants and additional claims and legal theories against the original defendants. Plaintiffs did not re-allege the facts from the original complaint. While failing to do so was procedurally improper and failed to follow the court's admonition in the prior order that the amended complaint "must stand complete on its own," the court will not treat the previously upheld claims as abandoned and will not strike the amended complaint and order the plaintiffs to try again. It can be discerned from the original complaint and the amended complaint what plaintiffs' grievances are and whether plaintiffs have made plausible allegations of fact that support a right to relief for those grievances under a recognized legal theory.

<u>The Current Motions</u>

*Section 1983 Claims—Police Defendants, Powers, City of McHenry*

A primary issue raised by the defendants' current motions, as in their prior motions, is whether the complaint's Section 1983 claims are barred by the statute of limitations. The statute of limitations is an affirmative defense which normally should be addressed in an answer to the complaint. However, a court may dismiss claims on a 12(b)(6) motion "when the complaint alleges facts sufficient to establish that the suit is indeed tardy." *Amin Ijbara Equity Corp. v. Village of Oak Lawn*, 860 F.3d 489, 492 (7th Cir. 2017).

Federal law does not establish a statute of limitations for Section 1983 actions; instead, the state limitations period for personal-injury torts is borrowed and in Illinois that period is two years. *Id.* at 493. Plaintiffs filed this case on January 4, 2021, so plaintiffs' Section 1983 claims must have accrued on or after January 4, 2019 for them to have been timely brought in this suit. Accrual occurs when a plaintiff knows the fact and the cause of his injury even though he may not know, or be able to predict, the full extent of his injury. *Id.*

As found in the prior order, based on the complaint's allegations, the Section 1983 claims for false arrest, failure to investigate, and police harassment all accrued in 2017 and, therefore, are barred by the statute of limitations. The amended complaint did not, and could not, change the allegations in the original complaint which show the accrual of these 1983 claims was in 2017.

Defendants, ask the court to dismiss the Section 1983 *Manuel* claim, which the court declined to dismiss in the original order. Defendants argue that since the court's prior order the Court of Appeals decided *Smith v. City of Chicago*, 3 F.4th 332 (7th Cir. 2021) which held that a detainee's Fourth Amendment claim for unlawful pretrial detention accrued upon his release on bond and that bond conditions imposed upon his release (to appear in court for a hearing and to request permission before leaving the state) did not constitute continuing seizure for Fourth

Amendment purposes. Defendants maintain that, under *Smith*, Braun's *Manuel* claim accrued in 2017 when he bonded out, ending his detention, rendering his *Manuel* claim untimely.

Braun's bond conditions were similar to those in *Smith*. They required him to appear in court and to seek permission to leave the state. Under *Smith*, these do not constitute continuing seizure for Fourth Amendment purposes. He also alleges an order of protection keeping him from contact with Powers was entered.[3] Pursuant to what is known as the Rooker-Feldman doctrine, federal district courts do not have jurisdiction to hear "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005). The *Rooker-Feldman* doctrine provides a federal district court lacks subject matter jurisdiction to review a final state court judgment including an order of protection. *Carter v. Carter*, 859 F. Supp.2d 964 (C.D. Ill. 2012). Relief from a state court order of protection must be pursued through the state courts. *Id.*

Even if the order of protection could be reviewed, it would not constitute a Fourth Amendment seizure. "The quintessential seizure of the person from the Founding to the present is an arrest. Two key features of an arrest by a show of authority are that it involved an attempt to immediately control a person and a submission by the person to that authority resulting in a severe loss of freedom of movement." *Smith*, 3 F.4th at 341 (quotation marks and citations omitted). The amended complaint alleges the order of protection was an order of no contact by plaintiffs with Powers. No "severe loss of freedom of movement" is alleged. The complaint alleges a fear of being arrested if by chance plaintiffs ended up in the same public place as Powers. But fear of arrest based on the chance of inadvertently being in the same public place as Powers, "lacks the immediacy of a Fourth Amendment seizure," *Id.* The existence of the order of protection is at most "a precursor to a possible seizure rather than a seizure itself." *Id.* (quotation marks and citation omitted). Applying *Smith*, to the facts alleged here, Braun's Fourth Amendment *Manuel* claim accrued when he bonded out in 2017 and, therefore, is untimely.

The amended complaint also seeks to revive Braun's *Brady* claim. What Braun claims was withheld was the identity of a witness, Missy Parisi, with testimony favorable to Braun. However, as found in the prior order, this witness was known to Braun as the complaint alleged she was with Braun at the time of the events which led to his arrest. *Camm v. Faith*, 937 F.3d 1096, 1108 (7th Cir. 2019) (evidence is not suppressed for purposes of *Brady* if it was "available to the defendant through the exercise of reasonable diligence.")

The amended complaint also seeks relief under a Section 1983 conspiracy theory. "To establish conspiracy liability in a § 1983 claim, the plaintiff must show that (1) the individuals reached an agreement to deprive him of his constitutional rights, and (2) overt acts in furtherance actually deprived him of those rights." *Beaman v. Freesmeyer*, 776 F.3d 500, 510 (7th Cir. 2015). Because Braun was not deprived of any constitutional right under *Brady*, the second prong of this test is not met, so a claim based on conspiracy liability under Section 1983 has not been

---

[3] The amended complaint states: "When Michael Braun had her phone records subpoenaed the prosecutor asked Judge Garheart to impose an order of protection for Gail Powers. The Judge agreed and a no contact order was established." Dkt # 46, p. 5.

stated as to a *Brady* violation. The *Monell* claim based on the alleged *Brady* violation, therefore, also fails.

A claim based on Section 1983 conspiracy liability based on false arrest, failure to investigate, and police harassment also is barred by the statute of limitations. The accrual date for a conspiracy claim under Section 1983 is determined by the accrual date of the constitutional violations that make up the alleged conspiracy. *Gordon v. Devine*, No. 08 C 377, 2008 WL 4594354, * 5 (N.D. Ill. Oct. 14, 2008). As discussed above, the claims based on false arrest, failure to investigate, and police harassment were all untimely because they accrued in 2017. Therefore, the Section 1983 conspiracy based on those alleged constitutional violations also accrued in 2017 and is, therefore, untimely. The *Monell* claim against the City of McHenry based on these alleged constitutional violations is also untimely.

*New Defendants—Eisenstein and Animal Control*

Plaintiffs amended complaint adds McHenry County Animal Control ("Animal Control") and Sharyl Eisenstein as defendants. Animal Control is a department of McHenry County and Eisenstein was a McHenry County assistant state's attorney. The amended complaint asserts malicious prosecution by Eisenstein for a prosecution in 2007 in which Braun was convicted of domestic battery and sentenced to one year probation. At some unspecified later date, Braun was arrested and pled guilty to throwing a dog out of a moving van in order to avoid being resentenced to three years in prison on the domestic battery conviction. He was sentenced to probation on this conviction concurrent with his domestic battery probation. On the last day of his probation term, Eisenstein falsely told a judge that Braun had failed a drug test and sought to have his probation revoked and a three-year prison term imposed. However, the head of probation appeared and advised the court that what Eisenstein was asserting was a lie. Braun's probation ended without any further sentence. Braun alleges Eisenstein had Lorenz, one of Police Defendants, hold back exculpatory evidence in the prosecution   Braun also alleges Eisenstein lied to the court in proceedings which resulted in the termination of Braun's parental rights over two of his children.

The Rooker-Feldman doctrine, discussed above, provides federal district courts do not have jurisdiction to hear "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005). For this court to give Braun the relief he seeks, the court would have to order the restoration to Braun of rights he lost by the judgment terminating his parental rights. This court does not have the authority to grant that relief. The authority to adjudicate cases that affect parental rights rests with the state courts.

As to the 2007 domestic battery case, Braun does not allege he received a disposition in his favor. He alleges he was convicted and does not allege the conviction was ever vacated. Likewise, he does not allege the conviction based on his plea of guilty for throwing a dog out of a van has ever been vacated. Termination of the underlying judicial proceeding in plaintiff's favor is necessary for a Section 1983 claim arising from that proceeding. *Smith*, 3 F.4[th] at 337. As to his claim that Eisenstein had Lorenz hold back exculpatory evidence in the prosecution of the 2017 incident, the court has concluded above, as well as in its prior order, that no *Brady* violation

occurred because Braun knew of the existence and identity of the witness alleged to have been withheld.

Animal Control seeks to be dismissed because it is not a proper party. Under the Illinois Constitution "units of local government" "means counties, municipalities, townships, special districts, and units, designated as units of local government by law." 1970 Ill. Const. Art. 7 Sec. 1. The Animal Control Act ("Act") does not create any unit "designated as a unit of local government." 510 ILCS 5/1 et seq. Rather, the Act provides for the appointment of an Administrator under the control of the county board to carry out the provisions of the Act. 510 ILCS 5/3. The Act does not create a separate animal control government entity. Thus, Animal Control is not an entity which can be sued. The county would be the proper entity to sue for claims arising from its animal control operations.

The federal claims advanced by Samuels are dismissed. Her allegations concerning Cox, Polidori, and Lorenz are for events that occurred in 2017 or before and are thus barred by the statute of limitations. She alleges she received over 30 citations and was fined over $14,000 for having three chickens in a small room next to the garage. However, she does not allege who issued these citations or when, or that any of them were terminated in her favor. She alleges she was fined over $14,000 so at least some of the citations must have been terminated unfavorably to Samuels and favorable termination is required. *Smith*, 3 F.4[th] at 337.

A district court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C.§ 1367(c)(3). "Absent unusual circumstances, district courts relinquish supplemental jurisdiction over pendant state law claims if all claims within the court's original jurisdiction have been resolved before trial." Coleman v. City of Peoria, 925 F.3d 336, 352 (7th Cir. 2019). Subject matter jurisdiction in this case was premised on federal question jurisdiction and all federal claims have been dismissed so relinquishment of supplemental jurisdiction over the state law claims would be the norm.

However, it appears the court may have diversity of citizenship jurisdiction in this case. Plaintiffs appear to be citizens of Wisconsin. The parties are directed to file statements as set out below to address the diversity jurisdiction question.

For the foregoing reasons, all federal claims advanced by Samuels are dismissed.[4] All federal claims against the Police Defendants, the City of McHenry, and Powers are dismissed with prejudice for failure to state a claim. Any federal claims against Eisenstein arising from the judgment terminating Braun's parental rights as to two of his children are dismissed without prejudice for lack of subject matter jurisdiction. All other federal claims against Eisenstein are dismissed with prejudice for failure to state a claim. The McHenry Police Department and Animal Control are dismissed as defendants as they are not suable entities. The defendants' motions to strike are denied. On or before March 2, 2022, defendants shall file a statement identifying the state of citizenship for each of the individual defendants as of the filing of the original complaint or, in the case of Eisenstein, the date of the filing of the amended complaint. If defendants' statement shows any of the individual defendants are citizens of Wisconsin, the court will

---

[4] Because the foregoing resolves the motions, the court need not address other arguments raised by defendants in support of their motions to dismiss.

relinquish supplemental jurisdiction over the pending state law claims. If defendants' statement shows none of the defendants are citizens of Wisconsin, plaintiffs, on or before March 9, 2022, shall file a statement as to whether they wish to invoke the court's diversity of citizenship jurisdiction and proceed on the state law claims in this court or if they would prefer dismissal of the state law claims so they can pursue the state law claims in state court.

Date: 2/22/2022                                    ENTER:

                                                   _____
                                                   United States District Court Judge

                                                        Notices mailed by Judicial Staff. (LC)