UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL BRAUN, | ) |
|               Plaintiff, | ) |
| v. | ) No. 3:21 C 50003 |
| CITY OF McHENRY, SGT. COX, SGT. McKEEN, OFFICER POLIDORI, OFFICER LORENZ, OFFICER PARDUE, and GAIL POWERS, | ) Judge Rebecca R. Pallmeyer |
|               Defendants. | ) |

## MEMORANDUM ORDER

For reasons explained at previous court hearings, Defendant Powers' motion for summary judgment [273] was granted. The McHenry Officers' motion for summary judgment [275] is denied with respect to Officers Lorenz and Polidori and otherwise granted. Plaintiff Braun's motion to deny immunity [301], his motion to deny facts [302], and his motion to dismiss Defendants' motions [313] are all responses to the Defendants' motions and are stricken. The parties are encouraged to again discuss settlement and are invited to seek the court's assistance in this regard. Trial date of June 2, 2025 stands.

## STATEMENT

On an afternoon in April 2017, Michael Braun was observed making efforts to break up a dog fight in his front yard in McHenry, Illinois. Those efforts led to Braun's being charged with animal cruelty and disorderly conduct. After he was found not guilty by a jury, Braun, who has since moved to Wisconsin, brought this action for malicious prosecution against Gail Powers, who reported the incident to the police, and several City of McHenry law enforcement officers. All Defendants have sought summary judgment and, for reasons explained in oral rulings, the motions have been granted in part and denied in part. The court concluded that Defendant Powers did not initiate Braun's prosecution within the meaning of Illinois law, and that Braun's suspicious about her motivations were unsupported by any evidence. Her motion for summary judgment [273] was therefore granted. The officer Defendants, who "commenced or continued" the prosecution, contend there was probable cause for Braun's arrest. Specifically, Powers reported credibly that she had observed what she believed to be animal cruelty: Braun's beating his dog in the front yard of his home. But there was a second witness to Braun's struggle with his dog. Melissa ("Missy") Parisi, who drove by Braun's home at or near the same time that Ms. Powers did. Ms. Parisi recognized that Braun was attempting to stop one dog from assaulting another. Ms. Parisi stopped her car and heroically intervened, separating the dogs and putting an end to the struggle.

There is a dispute of material fact about Ms. Parisi's involvement. Braun says she provided a statement to police soon after the incident. Ms. Parisi's statement would have been wholly consistent with Ms. Powers' observations of a struggle with an animal. But Ms. Parisi's account would have made clear what actually was going on, and what the jury in Braun's criminal

case likely ultimately decided: that Braun was not guilty of the charges against him.

Braun testified that he told Officer Ryan Pardue about Melissa Parisi when Pardue interviewed him on the day of the incident. Pardue denies this, and his case report makes no mention of Parisi or the existence of another potential witness (Police Reports [283-12] at 1), but Pardue closed the case that same day, and his report was approved by Sergeant Brian McKeen of the McHenry Police Department. Neither Pardue nor McKeen had any further involvement in Braun's case until Pardue was called to testify at Braun's criminal trial years later, and they too are entitled to summary judgment. But Officer Katelyn Lorenz re-opened it three days later after Ms. Powers contacted police for a second time and provided a written statement concerning the relevant events.

Defendants assert that this ends the case as against the three remaining officers (Cox, Polidori, and Lorenz). They contend that once the McHenry Police had arrested Braun, the police did not have the ability to dismiss the charges against him—that power lay with the McHenry County State's Attorney. (*Id.* ¶ 43); *see also Ingemunson v. Hedges,* 133 Ill. 2d 364, 370, 549 N.E.2d 1269, 1272 (1990) (under Illinois law, "the State's Attorney, as a member of the executive branch of government, is vested with exclusive discretion in the initiation and management of a criminal prosecution.") Officer Polidori also testified, however, that in cases where the McHenry Police receive potentially exculpatory evidence after a suspect has already been arrested, the department's policy is to provide that evidence to the State's Attorney. (Polidori Dep. at 88:24–89:3.) That policy comports with Seventh Circuit teaching: a police officer is not required to search vigorously for exculpatory evidence, but at the same time may not ignore conclusively established exculpatory evidence. *Dollard v. Whisenand*, 946 F.3d 342, 355 (7then Cir. 2019). An officer may proceed with an arrest once the officer has found probable cause, but should not "close his eyes to facts that would clarify the situation . . . ." *McBride v Grice*, 576 F.3d 703, 707 (7then Cir. 2019). In short, an arresting officer has a duty to act in a reasonable fashion and not ignore exculpatory evidence that weakens the relevance and probative value of evidence of guilt.

Did that happen in this case? Officers are entitled to credit one witness's version of events over another, and are not required resolve doubts in favor of a potential suspect. Weighing the credibility of various witnesses is a question "not for police officers in the discharge of their considerable duties, but for the jury in a criminal trial." *Holt* v. *City of Chicago*, 2022 IL App(1st) 220400 ¶ 80, 214 N.E.3d at 902. In this case, however, the two witnesses' accounts did not conflict. Both witnesses Powers and Parisi observed Braun in his front yard, apparently beating his dog. But Parisi investigated further and discovered that Braun was engaged in a difficult effort to break up a fight between two dogs. Thus, when Ms. Parisi gave her statement to police a few days after Plaintiff was arrested, officers had an obligation to provide the statement to the State's Attorney. There is no direct evidence that they did so; in connection with this litigation, Plaintiff issued a subpoena to the State's Attorney, but the case file evidently no longer exists, and there is no way to determine whether prosecutors had access to Parisi's statement. Defendants have argued that Plaintiff has the burden of proof on this issue. But it is their burden, at summary judgment, to establish the absence of a dispute of material fact on this question, and they have not done so.

That leaves the question of which of the remaining officers may be liable. Plaintiff Braun, who has had other run-ins with local law enforcement authorities, has conspiratorial theories about the motivation for his arrest. The court does not share those suspicions and believes they undermine Braun's credibility. On this record, however, the court is unwilling to grant summary judgment in favor of the arresting officer, Katelyn Lorenz. Lorenz, who was assigned the underlying police investigation and obtained the warrant for Braun's arrest, appears to concede

that she commenced the original criminal proceeding; the other McHenry Defendants contest the point. (*See* McHenry Defs. Mem. [277] at 7 (arguing that Braun's claims fail on the commencement prong only as to Pardue, Cox, McKeen, and Polidori).) Neither Cox nor Polidori directly conducted the police work that led to the issuance of Braun's arrest warrant. Cox was acting in a supervisory capacity to Polidori, who in turn was acting in a supervisory capacity to Lorenz. There is no evidence that Cox conferred with Polidori and Lorenz about Powers's statement or offered opinions or advice regarding the substance of the police report. And supervisory liability is not available in claims under 42 U.S.C. § 1983. *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011). The court concludes that Officer Cox, too, is entitled to summary judgment.

Polidori's participation in securing Braun's arrest warrant was greater. Lorenz was a relatively new officer in the last phase of her training at the time of these events. Polidori accompanied her to Braun's home to take photos of Braun's dogs. It appears he had access to the same information as Lorenz; he reviewed and conferred with Officer Lorenz about the substance of her reports to some extent before Lorenz decided to seek the arrest warrant. Polidori confirmed that McHenry Police Department policy calls for providing potentially exculpatory evidence to the State's Attorney. Again, it is not clear that Parisi's statement was in fact furnished to the prosecutors, or who may be responsible if it was not. In light of disputes about this matter, the court concludes the case should proceed as against Defendants Polidori and Lorenz. The court recognizes that the evidence at trial might well support a verdict in their favor, or a finding that they are entitled to qualified immunity.

The court has set a June 2, 2025 trial date in this case. The parties are again urged to discuss a possible settlement. Plaintiff is directed to prepare a draft of the final pretrial order no later than May 1, 2025; joint final pretrial order shall be filed by May 15, 2025.

ENTER:

Date: March 31, 2025

_____
REBECCA R. PALLMEYER
United States District Judge

.

3